Princess E. L. Lingham v. Commissioner.
Lingham v. Commissioner
Docket Nos. 4783-66, 1973-67.
United States Tax Court
T.C. Memo 1967-228; 1967 Tax Ct. Memo LEXIS 33; 26 T.C.M. (CCH) 1158; T.C.M. (RIA) 67228; November 13, 1967
Princess E. L. Lingham, pro se, 156-20 Riverside Dr. West, New York, N. Y. Jay S. Hamelburg, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined income tax deficiencies against the petitioner for the years 1964 and 1965 in the amounts of $704.31 and $816.73, respectively. The issues for decision are: 1. Is petitioner entitled to real estate loss deductions *34 of $1,800 and $2,000 for the years 1964 and 1965? 2. Is petitioner entitled to a moving expense deduction of $221.80 for the year 1965 under the provisions of section 217, Internal Revenue Code of 1954? [1]
3. Is petitioner entitled to deductions under section 170 for charitable contributions in excess of $336.03 in 1964 and $546.75 in 1965? 4. Is petitioner entitled to deductions under section 213 for medical expenses in excess of $74.03 for 1964 and $248.54 for 1965? 5. Is petitioner entitled to deductions for education expenses and books in excess of $250 for 1964 and $345 for 1965? Petitioner was a legal resident of New York, New York, when she filed her petitions herein. Her individual Federal income tax returns for the years 1964 and 1965 were filed with the district director of internal revenue in Manhattan. From 1959 until February 1966 petitioner worked as a substitute teacher in Public School 90 in Manhattan. Since February 1966 she has been a permanent teacher in the same school. As to the claimed real estate loss, the petitioner *35 testified that she suffered a loss of a nursery school in Boston in 1953 and 1954. The losses claimed on her 1964 and 1965 income tax returns resulted from the nursery school transactions. The evidence as to this item is very vague and unsatisfactory. Petitioner produced no documentary evidence to show her ownership, basis or actual loss with respect to the nursery school. Moreover, even if the petitioner actually suffered such a loss in 1953, she cannot resurrect it for tax purposes 11 years after the fact. Therefore, we sustain respondent's determination disallowing the claimed losses. The expenses of $221.80 claimed in 1965 for moving the petitioner's books and equipment from Philadelphia to New York City are personal and nondeductible. Petitioner has been employed as a teacher continuously since 1959 at Public School 90 in Manhattan and her only salary income since that time has come from such employment. She lived in New York City although she had a room in Philadelphia which she occupied occasionally on weekends and holidays. Section 217(a) provides that there shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement *36 of work by the taxpayer as an employee at a new principal place of work. We think it is perfectly clear that the petitioner did not begin work "as an employee at a new principal place of work" in 1965. Her principal place of work was already New York City and had been since 1959. As to the charitable contributions for 1964 and 1965, the issue is one of substantiation. For 1964 the petitioner claimed in her tax return church contributions of $1,000 and other contributions of $300. For 1965 she claimed $400 for church contributions and $200 for other contributions. Based mostly upon check verification of these claimed expenses, respondent allowed the following deductions for charitable contributions: 1964
1965
Church
$195.00
$316.50
Other
63.03
152.25
Cash Allowance
78.00
78.00
Total
$336.03
$546.75 Thus the respondent disallowed $963.97 in 1964 and $53.25 in 1965. Albeit reluctantly, and on a record that is far from satisfactory, we will again [2] apply the Cohan rule, bearing even more heavily upon the petitioner whose inexactitude is of her own making. Cohan v. Commissioner, 39 F. 2d 540, 544 (C.A. 2, 1930). Doing our best with the *37 information before us, including the generally vague and unsupported testimony of petitioner, we find as a fact that she made deductible charitable contributions in the aggregate amount of $400 in 1964 and $560 in 1965. The issue as to medical expenses is also solely one of substantiation. Petitioner claimed $655.32 in 1964 and $343.28 in 1965. Respondent allowed $74.03 in 1964 and $248.54 in 1965, disallowing $581.29 and $94.74, respectively. Petitioner had no receipts or cancelled checks to substantiate deductions in amounts greater than those allowed by the respondent. Therefore, we hold that she has completely failed to carry her burden of proof that the respondent's *38 determination is incorrect. With respect to the deductions for education expenses and books, the petitioner claimed $900 for 1964 and $413.86 for 1965. Respondent has allowed the following: 1964
1965
Education
none
none
Books (cash)
$250.00
none
Books (checks)
none
$345.00
We hold for respondent on this issue. Although petitioner testified that she attended classes at New York University, she did not say how much she paid in tuition and did not produce any receipts for the $400 claimed to have been paid. Moreover, petitioner has not shown whether the courses she claims to have taken were primarily for the purpose of maintaining or improving her teaching skills, or taken in order to maintain her employment as a teacher in the New York City schools. Petitioner has failed to substantiate any deductions for books greater than those allowed by respondent. To reflect the conclusions reached herein, Decisions will be entered under Rule 50. Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. Petitioner is no stranger to this Court. In a prior case for the years 1960 and 1962, decided on July 9, 1964, the question of charitable contributions was also involved. The petitioner was therefore on notice then that she should keep complete records to support claimed deductions rather than simply "estimate" them as she had admittedly done for the years now before us. See Princess E. L. Lingham-Pritchard, T.C. Memo. 1964-185, affirmed per curiam 347 F. 2d 377↩ (C.A. 2, 1965).